The Honorable Jim Hill State Senator 100 Center Nashville, AR 71852-3821
Dear Senator Hill:
This is in response to your request for an opinion on several questions concerning the election of an employee of an educational service cooperative to the board of directors of a school district participating in the cooperative. Your specific questions involve the Dawson Education Service Cooperative and the Centerpoint School District. You note that the Superintendent of the Centerpoint School District serves on the Board of Directors of the Dawson Education Service Cooperative ("Coop"). Your specific questions are as follows:
 1. Does the election of a Coop employee to a constituent school board violate A.C.A. § 6-13-616(b)?
 2. If the answer to the above question is "yes," what is the legal remedy for such a conflict of interest?
 3. Under these circumstances of employment, would continued service as a school board member constitute an ethics violation? If so, what would the possible consequences be?
It is my opinion that the answer to your first question is "yes." Please note that I have enclosed a copy of Attorney General Opinion 94-253 which addresses this question. I concluded therein that an employee of an educational cooperative may not legally hold the position of school board director in a school district which participates in the cooperative. The basis for this conclusion is fully outlined in the opinion. As noted therein, although A.C.A. § 6-13-616(b) does not, on its face, apply to employment with an educational cooperative, I believe it is rendered applicable by A.C.A. § 6-13-1011(a).
In response to your second question, a taxpayer's suit could be brought to enjoin the unlawful payment of public funds resulting from the board member's employment by the cooperative. This type of action, known as an "illegal exaction" suit, affords injunctive relief to prevent the misapplication of public funds. See generally Ark. Const. art. 16, § 13.
With regard to your third question concerning a possible ethics violation, the Code of Ethics applicable to public officials and state employees prohibits the use of a position "to secure special privileges or exemption . . . that is not available to others. . . ." A.C.A. §21-8-304(a) (Repl. 1996). See Op. Att'y Gen. 93-344, citing Op. Att'y Gen. 88-194. This determination would have to be made on a case-by-case basis, with reference to all of the particular circumstances. Enforcement authority is vested in the prosecuting attorney (A.C.A. § 21-8-303). Seealso A.C.A. § 21-8-302 regarding the imposition of a criminal penalty.
With regard to ethical disclosure requirements, reference should be made to subchapters 4-8 of Title 21, Chapter 8, of the Arkansas Code. A.C.A. §§ 21-8-401 et seq. (Repl. 1996 and Supp. 1997). Enforcement authority in this regard is vested in the Arkansas Ethics Commission. See A.C.A. §7-6-217(g) (Supp. 1997).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh